# Blanchfield Estate

*James W. Daub,* for petitioner.

BOYLE, *J.,* December 9, 1975—This case is before the court en banc on exceptions filed November 10, 1975, by Eleanor S. Blanchfield, administratrix of the above-entitled estate, to a decree entered October 31, 1975, requiring the administratrix to file an additional bond with sufficient surety so that the total amount of the security

entered will cover 100 percent of the value of the personal property as shown by the inventory filed. That value is $182,506.54.

The above-named decedent died intestate on May 25, 1975. A sworn application for the grant of letters of administration was filed by the widow, Eleanor S. Blanchfield, on June 23, 1975. In said application it is averred that decedent at the time of his death was ". . . possessed of personal estate to the estimated value of $ *unknown*. . . ." (Emphasis supplied.) Eo die, June 23, 1975, letters of administration were granted to Eleanor S. Blanchfield, and bond in the sum of $2,000 with approved surety was required by the register. Thereupon, the administratrix entered a bond in the sum of $2,000 with Transamerica Insurance Company as surety.

On October 31, 1975, the administratrix filed an inventory of the property owned by decedent at the date of his death, showing personal property of the value of $182,506.54. The petition presented to the hearing judge avers that the register informed the administratrix that she is required to enter an additional bond with surety in an amount equal to 125 percent of the value of the personal property shown by the inventory, less the $2,000 bond which has already been entered. This direction of the register requires that an additional bond with sufficient surety be entered in the amount of $226,133.17. This bond, as required by the register, has not been filed. On the same day that the inventory was filed and the register required the entry of the additional bond with surety, the administratrix filed in this court her petition to reduce bond under section 3175 of the Probate, Estates and Fiduciaries Code. Section 3175 provides:

"The court, upon cause shown and after such notice, if any, as it shall direct, may require a surety bond, or increase or decrease the amount of an existing bond, or require more or less security therefor."

The administratrix, in her petition for the reduction of the bond, avers that the estate is altogether solvent, and that she and her two children are the only parties in interest "after the payment of debts, administration expenses, taxes and the aforesaid family exemption." The administratrix also avers:

"9. Bond in the sum of $10,000 would be more than sufficient to assure payment of the aforesaid balance of inheritance tax due the Commonwealth of Pennsylvania and any other debts or administration expenses which might arise."

The hearing judge entertained the petition of the administratrix and entered a decree on October 31, 1975 providing:

" . . . that additional security be entered by the petitioner, Eleanor S. Blanchfield, upon filing of the Inventory in the said Estate, in the form of additional bond with Transamerica Insurance Company as surety in the additional sum of 100 % of inventory.

By the Court,
McKenna, J."

The fixing of the amount of the bond of a personal representative in the first instance is the responsibility of the register. This is provided in section 3171 of the Probate, Estates and Fiduciaries Code as follows:

"Except as hereinafter provided, *before letters shall be granted to any personal representative,* he shall execute and file a bond which shall be in the name of the Commonwealth, with sufficient

surety, in such amount as the register considers necessary, *having regard to the value of the personal estate which will come into the control of the personal representative,* and conditioned in the following form . . ." (Emphasis supplied.)

The responsibility of the register to require an adequate bond with sufficient surety is stated in section 3172 of the Probate, Estates and Fiduciaries Code as follows:

"If any register shall grant letters without having taken such bond as is required by law, he and his surety shall be liable to pay all damages which shall accrue to any person by reason thereof. Nothing herein stated shall be deemed to relieve the personal representative from liability which would otherwise be imposed upon him by law."

At this time in this estate the only bond filed is the one entered in the sum of $2,000, which is wholly inadequate considering the amount of the personal estate of decedent. The administratrix has not yet filed the additional bond with surety required by the register but rather has elected to contest the register's decision by a petition seeking to impose on the court the primary responsibility for the amount of the bond. The normal procedure is for the personal representative to enter a bond with surety as required by the register. Then, if the amount required is believed to be excessive, an application may be made under section 3175 of the Probate, Estates and Fiduciaries Code, for the changing of the amount of the bond.

In Stuckert Estate, 3 Fiduc. Rep. 179,181 (1953), it was held:

"Section 321 of the Fiduciaries Act of 1949 [now section 3171 of the Probate, Estates and Fiduciaries Code], requires that the personal representa-

tive shall execute and file a bond with sufficient surety in such amount as the *Register* considers necessary, having regard to the value of the personal estate which will come into the control of the personal representative. This language can leave no doubt that in all cases where the personal representative is required to file a bond (see §323 [now section 3174 of the Probate, Estates and Fiduciaries Code] as to when they are not required to file a bond) it is the Register and the Register alone who is to determine the amount that is necessary and the sufficiency of the surety. There is nothing in this language from which it can be inferred that it was intended that the court should override the opinion of the Register as to the proper amount simply upon his indicating as to what his opinion was likely to be and before he made any official determination of the amount. However, if there were any doubt as to when the court could consider the propriety of the amount of the bond of a personal representative such doubt would be dispelled by a reading of §324 of the Fiduciaries Act of 1949 [now section 3175 of the Probate, Estates and Fiduciaries Code]. That section provides that the court upon cause shown may increase or decrease the amount of an *existing* bond."

While the adequacy of the bond in this case is being considered, the court observes that the practice of accepting a nominal bond with surety from a personal representative until the personal estate has been received or comes into the hands of said personal representative is disapproved. An effort and inquiry should be made in every case where a bond with sufficient surety is required by law to be filed in the office of the register, to determine as nearly as possible the value of the personal prop-

erty which will come into the control of the personal representative of decedent. The register should act upon this ascertained information and require the entry of an adequate bond with sufficient surety in the first instance. In Patterson Estate, 5 Fiduc. Rep. 122,124 (1955), it was held:

"The danger of allowing the register to issue letters for only a nominal amount on the basis of oral representations that the assets will not actually be received by the administrators for sometime is at once apparent. The letters once issued, are absolute in form. They authorize the fiduciary to take custody and control of the assets of the decedent wherever they are in the Commonwealth. A memorandum on the register's docket to the effect that more bond is to be given when more assets are received would be of no avail if an administrator collected assets by virtue of his letters and then misappropriated the assets. Furthermore, the register does not have the plenary powers of the Orphans' Court to enforce such a decree."

In the case at bar, the order of the hearing judge was entirely proper and within the court's discretion in requiring that a bond with sufficient surety be entered in an amount equal to 100 percent of the value of the personal property shown by the inventory already filed. In a decedent's estate it cannot be determined with certainty until an account has been filed and called for audit in open court whether there are valid claims or obligations of decedent outstanding which may be asserted against his estate.

It is believed that a proper decree disposing of the present question should provide for the dismissal of the exception filed to the decree entered by the hearing judge. It should also provide for a re-

mand to the register of the issue as to the amount of the bond, with sufficient surety, which the personal representative shall enter. In our decree the register will be directed to require the entry forthwith of a bond, with sufficient surety, in such amount as the register considers necessary, having regard to the value of the personal estate which will come into the control of the personal representative. The amount of the bond to be entered shall not be less than $185,000, subject to the right of the register to increase this amount.

A decree will be entered accordingly.